UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVID CARTER,

                                      Plaintiff,              9:22-CV-1086
                                                                      (MAD/DJS)
     v.

CHRISTOPHER MILLER, et al.,

                                      Defendants.
_____

APPEARANCES:

DAVID CARTER
Plaintiff, pro se
19-A-1009
Marcy Correctional Facility
P.O. Box 3600
Marcy, NY 13403

MAE A. D'AGOSTINO
United States District Judge

# DECISION and ORDER

## I.    INTRODUCTION AND RELEVANT BACKGROUND

       In July 2022, plaintiff David Carter ("plaintiff") commenced this action pro se by filing a complaint in the United States District Court for the Eastern District of New York ("Eastern District") asserting claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Great Meadow Correctional Facility ("Great Meadow C.F."). Dkt. No. 1 ("Compl."). On September 22, 2022, plaintiff filed an application to proceed in forma pauperis ("IFP") with an inmate authorization form. Dkt. No. 7 ("IFP Application"); Dkt. No. 8 ("Inmate Auth. Form"). On October 6, 2020, the Eastern District granted plaintiff's IFP Application. *See* Text Entry dated Oct. 6, 2022.

By Order filed on October 20, 2022, the Eastern District transferred this action to the Northern District of New York ("Northern District") because "the acts or omissions that allegedly took place occurred at Great Meadow and the Defendants are employed as Superintendents and Correction Officers at Great Meadow, located in Washington County[.]"  Dkt. No. 10 (the "Transfer Order").  In the Transfer Order, the Court noted that, "[p]laintiff failed to submit a request to proceed in forma pauperis and Prison Litigation Reform Act authorization form."  *Id* at 2.

The complaint is now before this Court for review.  However, due to the confusion surrounding plaintiff's IFP Application, the Court will conduct a sua sponte review of plaintiff's IFP status.

## II.     DISCUSSION

In forma pauperis status is a privilege, not a right.  *See Anderson v. Coughlin,* 700 F.2d 37, 42 (2d Cir. 1983)).  The District Court is vested with the discretion to revoke that privilege "when the goals of § 1915 are not being furthered."  *See Anderson v. Hobbs*, No. 12-CV-6117, 2014 WL 4425802, at *5 (W.D. Ark. Sept. 9, 2014); *see also Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir. 1996) ("Leave to proceed without prepayment of fees and costs is a privilege, not a right [. . .] [c]ourts have the discretion to revoke that privilege when it no longer serves its goals.") (citing *Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir. 1991) and *Murphy v. Jones*, 801 F.Supp. 283, 288–89 (E.D.Mo. 1992)).  The District Court may revoke a plaintiff's IFP status on motion, or sua sponte.  *See Jackson v. Auburn Corr. Facility*, No. 9:07-CV-0651 (TJM/DEP), 2009 WL 1663986, at *1 (N.D.N.Y. June 15, 2009).

A civil action is commenced in federal district court "by filing a complaint."  Fed. R. Civ. P. 3.  The filing fees must be paid at the time an action is commenced, unless an IFP

Application is submitted to the Court. See 28 U.S.C. §§ 1914(a), 1915(a). The federal statute governing applications to proceed in forma pauperis in federal court, the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, provides in pertinent part that an IFP Application must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). In accordance with Local Rule 5.4 of the Local Rules of Practice for the Northern District of New York ("N.D.N.Y.L.R."), a prisoner seeking in forma pauperis status in a civil action subject to the PLRA may satisfy this requirement by submitting a completed, signed, and certified IFP Application. N.D.N.Y.L.R. 5.4(b)(1)(A).[1] Local Rule 5.4 further provides that if the prisoner fails to fully comply with the above-described requirements after being informed by Court order of what is required, "the Court shall dismiss the action." N.D.N.Y.L.R. 5.4(b)(2)(A).

Where a plaintiff seeks leave to proceed in forma pauperis, the Court must determine whether the plaintiff has demonstrated sufficient economic need to proceed without prepaying, in full, the Court's filing fee of four and two hundred dollars ($402).[2] The Court must also determine whether the "three strikes" provision of Section 1915(g) bars the plaintiff

---

[1] A "certified" IFP Application is one on which the Certificate portion at the bottom of page two of the form IFP Application has been completed and signed by an appropriate official at the plaintiff's facility. The Certificate portion of the IFP Application requests information regarding funds and/or securities held on account to the inmate's credit over the preceding six months.

[2] "28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." Cash v. Bernstein, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010). "Although an indigent, incarcerated individual need not prepay the filing fee . . . at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts." Id. (citing 28 U.S.C. § 1915(b); Harris v. City of New York, 607 F.3d 18, 21 (2d Cir. 2010)).

from proceeding in forma pauperis and without prepayment of the filing fee. More specifically, Section 1915(g) provides as follows.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). If the plaintiff is indigent and not barred by Section 1915(g), the Court must also consider whether the causes of action stated in the complaint are, *inter alia*, frivolous or malicious, or if they fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b).

Plaintiff's IFP Application was completed and signed by plaintiff. *See* Dkt. No. 7 at 2. The IFP Application however, was not been certified by an appropriate official at plaintiff's facility nor were copies of plaintiff's inmate account statements provided. Accordingly, plaintiff's IFP Application (Dkt. No. 7) is incomplete and should have been denied by the Eastern District.

Even assuming that plaintiff's IFP application was certified and that he demonstrated sufficient economic need, § 1915(g) bars plaintiff from proceeding in forma pauperis.

**A. Determination of Strikes**

Having reviewed plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service, the Court has determined that plaintiff is well aware of the "three strikes" rule. Plaintiff is as a prolific litigator with a history that includes the filing of approximately sixty-four civil rights actions in the district courts in the Second

Circuit.[3] On August 15, 2016, the United States District Court for the Southern District of New York ("Southern District") issued an Order pursuant to 28 U.S.C. § 1915(g) barring plaintiff from filing further actions IFP in the Court while he is a prisoner. *See Carter v. New York City John Doe Officer, et al.*, No. 16-CV-3466, Bar Order, Dkt. No. 6 (S.D.N.Y. filed Aug. 25, 2016). The "three strikes" rule has also been applied to plaintiff in this District and in the Eastern District. *See Carter v. McPherson,* No. 9:20-CV-0491 (TJM/CFH), 2020 WL 4432787 (N.D.N.Y. July 30, 2020); *see also Carter v. John Doe #1, et al.*, No. 9:20-CV-0576 (DNH/CHF), Decision and Order (N.D.N.Y. filed July 30, 2020); *Carter v. Shepperson*, No. 19-CV-163, 2020 WL 6746789, at *4 (E.D.N.Y. Nov. 16, 2020) (noting that the Southern District previously found that plaintiff accumulated three "strikes" under the PLRA and was barred under § 1915(g) from filing IFP and, "[a]n independent analysis by this Court finds that the three strikes cited by Judge Preska indeed qualify as strikes under the PLRA"). *Id*.

Thus, even assuming plaintiff filed a complete IFP application, unless it appears that the "imminent danger" exception to the "three-strikes" rule is applicable to this action, he would not be permitted to proceed in forma pauperis.

**B. Applicability of the "Imminent Danger" Exception**

Congress enacted the "imminent danger" exception as a "safety valve" to prevent impending harms to prisoners otherwise barred from proceeding IFP. *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). "[F]or a prisoner to qualify for the imminent danger exception, the danger must be present when he files his complaint—in other words, a three-strikes litigant is not excepted from the filing fee if he alleges a danger that has dissipated by the

---

[3] *See* U.S. Party/Case Index <http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl> (last visited Nov. 4, 2022); *see also Carter v. Shepperson*, No. 19-CV-163, 2020 WL 6746789 (E.D.N.Y. Nov. 16, 2020).

time a complaint is filed." *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009) (citation omitted); *see also Polanco v. Hopkins*, 510 F.3d 152, 155 (2d Cir. 2007) (imminent danger claims must be evaluated at the time the complaint is filed, rather than at the time of the events alleged). In addition, "§ 1915(g) allows a three-strikes litigant to proceed [in forma pauperis] only when there exists an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges." *Pettus*, 554 F.3d at 296. In deciding whether such a nexus exists, the Second Circuit has instructed the courts to consider "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint, and (2) whether a favorable judicial outcome would redress that injury." *Id*. at 298-99. Both requirements must be met in order for the three-strikes litigant to proceed IFP. *Id*.

"When determining whether a prisoner has qualified for the 'imminent danger' exception, courts look at the non-conclusory allegations in the plaintiff's complaint." *Welch v. Charlan*, No. 06-CV-61, 2008 WL 5382353, at *1 n.2 (N.D.N.Y. Dec. 16, 2008); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[A]ll [circuits] maintain a singular focus on the facts alleged in the complaint in deciding whether a prisoner faced the requisite harm.") (collecting cases). Where the plaintiff is proceeding pro se, his complaint should be liberally construed and interpreted "to raise the strongest arguments that [it] suggest[s]." *Harris v. City of N.Y.*, 607 F.3d 18, 24 (2d Cir. 2010) (internal quotation marks omitted). "[T]hough [a court] is obligated to draw the most favorable inferences that [a pro se plaintiff's] complaint supports, [the court] cannot invent factual allegations that [the plaintiff] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (citations omitted). Thus, "[a] court may find that a complaint does not satisfy the 'imminent danger' exception if

6

the complainant's 'claims of imminent danger are conclusory or ridiculous.' " *Id.* (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003)).  Finally, "[t]he imminent danger claimed by the inmate . . . must be real, and not merely speculative or hypothetical." *Nelson v. Nesmith*, No. 06-CV-1177, 2008 WL 3836387, at *5 (N.D.N.Y. Aug. 13, 2008) (citation omitted).

      The complaint, which is dated July 15, 2022, includes claims that arise from incidents that allegedly occurred while plaintiff was incarcerated at Great Meadow C.F. in May 2022. *See generally* Compl.  At the time he filed the complaint, plaintiff was confined at Clinton Correctional Facility ("Clinton C.F.").  *See* Compl. at 8, 11.  Plaintiff's allegations of wrongdoing at Great Meadow C.F., even if true, do not demonstrate that plaintiff faced an "imminent danger of serious physical injury" when he filed this action.  *See Flemming v. Kemp*, No. 09-CV-1185 (TJM/DRH), 2010 WL 3724031, at *2 (N.D.N.Y. Aug. 19, 2010) (Section 1915(g) is available "[w]hen a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury[])" (citation omitted).  Moreover, any danger posed by alleged misconduct that occurred at Great Meadow C.F. had dissipated by the time plaintiff signed the complaint.  *See Pettus*, 554 F.3d at 296.  This is especially true where, as here, plaintiff was no longer confined at Great Meadow C.F. when he filed his lawsuit.  *See, e.g., Malik*, 293 F.3d at 560, 562-63 (finding that the district court properly denied in forma pauperis status because the plaintiff had already accrued three strikes and did not fall within the "imminent danger" exception because plaintiff was no longer confined at the facility where his claims arose when he filed his complaint); *Palmer v. N.Y. State Dep't of Corr.*, 342 Fed. App'x 654, 656 (2d Cir. 2009) (same).

      Courts have revoked IFP status when, "early in the proceedings in a case, the record

7

shows undisputed facts casting doubt on whether plaintiff was in imminent danger of serious physical harm at the time he filed the complaint." *See Anderson,* 2014 WL 4425802, at *5 (revoking IFP status upon further review of pleadings and exhibits, subsequent to the initial screening when, "it has become [ ] clear, that Plaintiff has never, in fact, been in 'imminent danger of serious physical injury.' "); *see also Ammons v. Hannula*, No. 08-CV-608, 2009 WL 799670, at *3-4 (W.D. Wis. March 24, 2009) (directing the plaintiff to "show cause" supporting his claim that he was in imminent danger of serious physical injury); *see Abreu v. Travers*, No. 9:15-CV-0540 (MAD/ATB), 2015 WL 10741194, at *7 (N.D.N.Y. Sept. 14, 2015) (revoking Plaintiff's IFP status because the "in forma pauperis application was improvidently granted").

Upon review of the complaint, the Court finds that despite his experience as a three-strikes litigant seeking in forma pauperis status, plaintiff has failed to allege facts plausibly suggesting imminent danger having a nexus to a claim. "Congress adopted the Prison Litigation Reform Act with the principal purpose of deterring frivolous prisoner lawsuits and appeals." *Tafari v. Hues,* 473 F.3d 440, 443–44 (2d Cir. 2007) (citation omitted). "The 'three-strikes' provision in the PLRA was designed to accomplish this goal by 'forc[ing prisoners] to go through the same thought process non-inmates go through before filing a suit, i.e., is filing this suit worth the costs?' " *Id*. (citation omitted). Due to plaintiff's history of frivolous suits, coupled with his failure to adequately assert imminent danger claims with a nexus to viable claims, the Court finds that plaintiff's IFP status was prematurely and improvidently granted and, thus, is revoked. *See Hurt v. Soc. Sec. Admin*., 544 F.3d 308, 310 (D.C. Cir. 2008) (revoking IFP status when the " 'number, content, frequency, and disposition' of [the plaintiff's] filings shows an especially abusive pattern, aimed at taking

advantage of the IFP privilege."); *see also Fredrick v. Wilkes*, No. CV416-310, 2017 WL 1352227, at *3 (S.D. Ga. Apr. 10, 2017), *report and recommendation adopted*, 2017 WL 2222445 (S.D. Ga. May 19, 2017) ("Numerous courts have interpreted § 1915(g) as empowering them to revoke a prisoner's previously granted IFP status when it later became evident that the original IFP grant was improper.") (collecting cases).

Pro se plaintiffs are normally afforded an opportunity to amend, *see Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999), but leave need not be granted where even a liberal reading of the complaint fails to give "any indication that a valid claim might be stated." *Chavis*, 618 F.3d at 170 (internal quotation marks omitted). Because plaintiff does not allege that he feared "physical injury" when he brought this action, the complaint does not "present the possibility of his stating a valid imminent danger claim." *See Carolina v. Rubino*, 644 Fed. App'x 68, 73 (2d Cir. 2016) (summary order) (district court did not abuse its discretion in dismissing complaint under Section 1915(g) because amendment of the plaintiff's claims of "past harms" would have been futile). Accordingly, leave to amend is not required.

Consequently, for the reasons set forth herein, if plaintiff wishes to proceed with this action he must, within thirty (30) days of the filing date of this Decision and Order, pay the statutory filing fee of four hundred dollars and two ($402.00) in full. Plaintiff is advised that his failure to timely comply with this Decision and Order will result in the dismissal of this action, without prejudice, without further Order of this Court.

### III.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's IFP status is **REVOKED** pursuant to 28 U.S.C. § 1915(g) because plaintiff has three "strikes" and is not entitled to the "imminent danger" exception; and it is further

**ORDERED** that this action shall be **DISMISSED** unless, within **thirty (30) days** of the date of this Decision and Order, plaintiff pays the Court's filing fee of four hundred and two dollars ($402.00) in full; and it is further

**ORDERED** that, upon plaintiff's timely payment of the full filing fee, the Clerk shall return the file to this Court for review of the complaint in accordance with 28 U.S.C. § 1915A; and it is further

**ORDERED** that if plaintiff fails to pay the filing fee in full within thirty days of the date of this Decision and Order, the Clerk is directed to enter judgment, without further order of this Court, indicating that this action is **DISMISSED without prejudice**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: November 9, 2022
　　　　Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge