UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVID CARTER,

                              Plaintiff,

   v.                                                      9:22-CV-1086
                                                                    (MAD/DJS)

CHRISTOPHER MILLER, et al.,

                              Defendants.
_____

APPEARANCES:

DAVID CARTER
Plaintiff, pro se
9-A-1009
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

MAE A. D'AGOSTINO
United States District Judge

**DECISION AND ORDER**

I.     **INTRODUCTION**

       In July 2022, pro se plaintiff David Carter ("plaintiff") commenced this action by filing a complaint the United States District Court for the Eastern District of New York ("Eastern District") asserting claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Great Meadow Correctional Facility ("Great Meadow C.F.") in May 2022. Dkt. No. 1 ("Compl."). Plaintiff did not pay the filing fee and filed a request for leave to proceed in forma pauperis and an inmate authorization form. Dkt. No. 7 ("IFP Application") and Dkt. No. 8 ("IAF"). In October 2022,

1

the Eastern District granted plaintiff's IFP Application and transferred this action to this District.  *See* Text Entry dated Oct. 6, 2022; Dkt. No. 10.

In a Decision and Order filed on November 9, 2022 (the "November Order"), this Court found that the "three strikes" provision of Section 1915(g) barred plaintiff from proceeding in forma pauperis and found that the allegations related to plaintiff's confinement at Great Meadow C.F. were insufficient to invoke the "imminent danger" exception to the "three strikes" rule.  *See generally* Dkt. No. 15.  Thus, the Court revoked plaintiff's IFP status and plaintiff was advised that if he wished to proceed with this action, he must pay the statutory filing fee within thirty (30) days of the filing date of the November Order.  *See id.* at 10.

Plaintiff has not paid the filing fee and has filed a motion for reconsideration of the November Order.  Dkt. Nos. 19, 21.

## II.    DISCUSSION

Motions for reconsideration proceed in the Northern District of New York under Local Rule 60.1.  "In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements."  *See Maye v. New York*, No. 1:10–CV–1260, 2011 WL 4566290, *2 n. 6 (N.D.N.Y. Sept. 29, 2011) (quoting *C–TC 9th Ave. P'ship v. Norton Co.* (*In re C–TC 9th Ave. P'ship* ), 182 B.R. 1, 2 (N.D.N.Y. 1995) ).  A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The prevailing rule 'recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of

law or prevent manifest injustice.' " *Maye*, 2011 WL 4566290, at *2 (quoting *In re C–TC 9th Ave. P'ship*, 182 B.R. at 3).  "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

Construing the submission liberally, plaintiff contends that this Court erred in finding that the allegations in the complaint did not demonstrate that he faced an imminent danger of serious physical injury when he commenced this action.  *See generally* Dkt. Nos. 19, 21.  As discussed in the November Order, plaintiff was confined at Clinton Correctional Facility ("Clinton C.F.") when he filed the complaint in July 2022.  *See* Compl. at 8, 11.  Plaintiff filed his motion to reconsider in November 2022, while confined at Marcy Correctional Facility ("Marcy C.F.").  Dkt. No. 19 at 3.  In the motion, plaintiff alleges, in a wholly conclusory manner, that he was "attacked in [the] mess hall at Clinton" and that "here at Marcy I am in c/o threats from other gang members that a contract has been established to harm me[.]" *See id*. at 2.

To the extent plaintiff's allegations may be construed to suggest that he was in "imminent danger" while at Clinton C.F. and Marcy C.F., there is no basis for inferring that any such alleged "imminent danger" is "fairly traceable" to the actions of any named defendant.  *See Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009) (noting that "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)").

Additionally, on December 5, 2022, plaintiff filed a notice of change of address indicating that he was transferred back to Great Meadow C.F.  *See* Dkt. No. 20.  Plaintiff then filed a letter in support of his motion for reconsideration alleging he has been "threatened by

staff and inmates" and that he is in "imminent danger at this location."  Dkt. No. 21.  This new "fact" does not impact the Court's decision regarding the application of the "three strikes" rule.  Plaintiff's "imminent danger" claims that are based on events that allegedly occurred at Great Meadow C.F. in December 2022 are insufficient to plausibly suggest that, at the time plaintiff commenced this action – he was in "imminent danger" of suffering a serious physical injury. *See Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002) ("Because § 1915(g) uses the present tense in setting forth the imminent danger exception, it is clear from the face of the statute that the danger must exist at the time the complaint is filed[,]" and that the exception does not apply to "those harms that had already occurred.") (internal quotation marks and citations omitted).

     Plaintiff's motion falls short of the standard required for reconsideration.  Plaintiff has not demonstrated an intervening change in controlling law nor has he articulated any clear legal error.  Moreover, the motion lacks new evidence which might warrant consideration. While plaintiff disagrees with the prior order, he has not made any showing that reconsideration of the order is warranted.  *See, e.g., Banco de Seguros Del Estado v. Mut. Marine Offices, Inc.*, 230 F.Supp.2d 427, 431 (S.D.N.Y. 2002) (denying motion for reconsideration where movant "reargue[d] the points it made during the initial briefing and . . . explain[ed] to the Court how its analysis is 'erroneous' "); *U.S. v. Delvi*, No. S1201 CR 74, 2004 WL 235211, at *2 (S.D.N.Y. Feb. 6, 2004) (denying motion for reconsideration where movant "point[ed] to no facts or law that the Court overlooked in reaching its conclusion, and instead simply reiterate[d] the facts and arguments that the Court already considered and rejected").

     Accordingly, plaintiff's motion for reconsideration (Dkt. No. 19) is denied.

Plaintiff is hereby afforded a **final** opportunity to pay the filing fee in full if he wishes to proceed with this action.  *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 317 (3d Cir. 2001) ("Section 1915(g) does not prevent a prisoner with 'three strikes' from filing a civil action; he or she is simply unable to enjoy the benefits of proceeding [in forma pauperis] and must pay the fees at the time of filing instead of under the installment plan.").  Plaintiff is advised that his failure to pay the filing fee for this action in full within **thirty days** from the filing date of this Decision and Order will result in the dismissal of this action, without prejudice, without further Order of this Court.

## III.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for reconsideration (Dkt. No. 19) is **DENIED**; it is further

**ORDERED** that this action shall be **DISMISSED** unless, **within thirty (30) days** of the date of this Decision and Order, plaintiff pays the Court's filing fee of four hundred and two dollars ($402.00) in full; and it is further

**ORDERED** that upon plaintiff's compliance with this Decision and Order, the Clerk of the Court shall return the file to this Court for review of the complaint in accordance with 28 U.S.C. § 1915A; and it is further

**ORDERED** that if plaintiff fails to timely comply with this Decision and Order, the Clerk is directed to enter judgment dismissing this action, without prejudice, without further order of this Court; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on

5

plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 22, 2022
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge